UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EMALEE BIRNIE,

    Defendant.
_____/

CASE NO. 1:03-CR-143-03

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER ON RESENTENCING**

It appears that this Court's sentencing on August 10, 2004 followed the jury verdict of guilty at the conclusion of trial in this matter. A Presentence Investigation Report was prepared in anticipation of sentencing, following the jury convictions, and issues relating to Guideline scoring were resolved by this Court following counsel's arguments and review of the trial testimony. This Court overruled all of the many objections of defense counsel to the scoring of the Guideline total offense level and sentenced within the presumed Guideline range.

It now appears, pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005), this Court is to trust Guidelines as true guidelines and one factor in the 18 U.S.C. § 3553(a) statutory purposes of sentencing. The primary directive of the § 3553(a) factors is for the Court to "impose a sentence sufficient, but not greater than necessary," to comply with the purposes set forth in 3553(a)(2). This Court has reviewed all these factors and concludes as follows:

The jury determination is that John and Emalee Birnie conspired with HUD employee Terrance C. Hansen to defraud a U.S. Government agency of thousands of dollars through the purchase of foreclosed houses at substantially below their value and contrary to known HUD repossession and resale policies.  This is a serious offense and a just sentence requires punishment.  Of great concern to this Court was the Defendant's stubborn refusal to accept any criminal responsibility for her part in the scheme.  While this Court believes the likelihood of recidivism is low, the need to deter others through a clearly articulated sentence is obvious.  Defendant's protestations of innocence and jury misfeasance gives great pause for any sympathies this Court may have.

Accordingly, this Court believes the alternate sentence imposed on August 10, 2004 of 30 months in the custody of the Federal Bureau of Prisons satisfies the criteria of § 3553(a)(2) as it relates to Emalee Birnie and is "sufficient, but not greater than necessary," to comply with said statute.  All other terms of the sentence, including length of term of Supervised Release, fine and restitution shall remain as announced on August 10, 2004.

IT IS SO ORDERED.


Date:   November 15, 2006           /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE